IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALSTOM POWER, INC., ) | |
| ) | |
| Plaintiff/ Counterclaim Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| RMF INDUSTRIAL CONTRACTING, ) | |
| INC., ) | |
| ) | |
| Defendant/ Counterclaim Plaintiff. ) | |
| ) | 2:03cv627 |
| ) | 2:03cv1050 |
| ALSTOM POWER, INC., ) | |
| ) | Consolidated at 2:03cv627 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN INDUSTRIAL ASSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for consideration and disposition are RMF INDUSTRIAL CONTRACTING'S MOTION FOR RECONSIDERATION, with brief in support (*Document Nos. 89 & 90*) and ALSTOM POWER, INC.'S RESPONSE TO RMF INDUSTRIAL CONTRACTING, INC.'S MOTION FOR RECONSIDERATION (*Document No. 94*). The issues have been fully briefed, and the matter is ripe for disposition.

Standard of Review

Generally speaking, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986). The Court finds that the Motion fits the third situation well enough and will proceed to the merits of the Motion.

Discussion

The Motion for Reconsideration concerns a letter of credit. Plaintiff Alstom Power, Inc. ("Alstom") was the general contractor at a power plant construction project. Alstom and RMF Industrial Contracting, Inc. ("RMF"), a subcontractor, entered into a contract for the erection of boilers and ancillary equipment. The contract provided that Philip Services Corporation ("PSC"), RMF's parent company, would provide a $5,000,000.00 letter of credit to Alstom. Pltf's Stmt. of Facts at ¶ 14. The letter of credit was issued by Wells Fargo Bank on the application of "Philip Services Corporation O.B.O. RMF Industrial Contracting, Inc." Alstom's appx., exh. 11. The construction of the boilers went poorly, and Alstom terminated its agreement with RMF and drew on the letter of credit. Wells Fargo Bank honored Alstom's draw on April 30, 2003. Shortly thereafter the bank withdrew the full amount of the letter of credit from PSC's bank account.

Alstom filed an action against RMF; RMF asserted a Counterclaim. RMF's Counterclaim against Alstom includes a claim for Alstom's allegedly improper draw on the letter of credit. Counterclaim at ¶¶ 75-77. Alstom filed a Motion for Summary Judgment. In its summary judgment brief Alstom contended that RMF was not a party to the letter of credit, did not supply the letter of credit, had adduced no evidence that it had suffered damages due to Alstom's draw upon the letter of credit, and lacked standing to assert a claim regarding the letter of credit. Alstom's Summary Judgment Brief at 21. Alstom also contended in its reply brief that "RMF has presented no evidence of a written agreement between RMF and PSC whereby PSC has promised to act as a surety or guarantor, nor has it presented any other evidence of a written agreement between RMF and PSC whereby PSC has promised to act as a surety or guarantor, nor has it presented any other evidence of a current obligation RMF owes to PSC." Alstom's reply at 5. RMF, on the other hand, contended that "as a result of ASLTOM's draw on the letter of credit issued by Wells Fargo for PSC, RMF became immediately obligated to reimburse PSC for the amounts paid to ALSTOM under the letter of credit ..." RMF's Summary Judgment Brief at 24.

2

The Court found that RMF had standing to pursue the claim, but also found that there was insufficient evidence that RMF was liable to PSC for the amount of the letter of credit:

> Alstom's other contention, however, that there is no evidence of a written agreement between RMF and PSC whereby PSC has promised to act as a surety or guarantor, merits further discussion.  Under Pennsylvania law a promise to answer for the debt of another must be in writing.  33 P.S. § 3.  As Alstom points out, despite RMF's arguments, RMF has not directed the Court to any evidence, testimonial or documentary, which establishes that RMF owed (or owes) $5,000,000.00 to PSC due to Alstom's draw on the letter of credit.  The Court agrees, and finds that there is no evidence that RMF is under any obligation to reimburse PSC for Alstom's draw on the letter of credit.  In other words, there is no evidence that RMF has actually suffered any loss or injury due to Alstom's draw on the letter of credit.

Memorandum Opinion and Order of Court at 16.

RMF contends that the Court erred in granting summary judgment to Alstom on Alstom's allegedly improper draw on the letter of credit.  In support of its position, RMF again contends that when Well Fargo Bank withdrew $5,000,000.00 from PSC's bank account,

> RMF became obligated to PSC for the amount PSC had paid on behalf of RMF.  In this regard, PSC had served as a surety of guarantor of RMF.  Upon PSC's satisfaction of its surety or guarantor duty, RMF became obligated to reimburse PSC for the sums it paid on RMF's behalf.  ...  Accordingly, as a result of ALSTOM's draw on the letter of credit issued by Wells Fargo for PSC, RMF became immediately obligated to reimburse PSC for the amounts paid to ALSTOM under the letter of credit.

Br. in Supp. of Mot. for Reconsideration at 4.

RMF also contends that "PSC answered for the debt of RMF, not vice versa," and that "RMF was the party that was primarily liable on the debt."  Br. in Supp. of Mot. for Reconsideration at 5.  However, the applicant on the letter of credit was PSC, not RMF.  Although the underlying debt arose out of RMF's alleged breach of the contract, any underlying debt owed to Alstom by RMF is distinct from the issue of who was primarily liable on the letter of credit.  Additionally, RMF has cited no law for the specific proposition that PSC's application for the letter of credit on behalf of RMF transforms RMF into an applicant (or co-applicant) or otherwise renders RMF primarily liable on the letter of credit.

Pennsylvania law does contemplate a situation where, as here, an applicant secures a

3

letter of credit on behalf of another.  *See*, *e.g.*, 13 Pa. C.S.A. § 5102(a) (defining the term "applicant" to include "a person who requests an issuer to issue a letter of credit *on behalf of another* if the person making the request undertakes an obligation to reimburse the issuer."). However, the Court has found no authority for the proposition that the party on whose behalf the letter of credit is issued, *i.e.*, RMF, is an applicant in its own right, can "stand in the shoes" of the applicant, or is otherwise primarily liable to the issuer of the letter of credit.  Moreover, had RMF been primarily liable on the letter of credit, Wells Fargo Bank likely would have first sought reimbursement from RMF, and would have sought reimbursement from PSC only upon RMF's failure to honor its alleged obligation under the letter of credit.  There is no evidence that Wells Fargo Bank did so.  Instead, it immediately withdrew the funds from PSC's bank account.

Additionally, there is still no documentary or other evidence of a surety or guarantee agreement between PSC and RMF with respect to the letter of credit.  Thus, there is no need to examine RMF's contention that a writing is unnecessary because the "main purpose" exception to the statute of frauds applies.  Br. in Supp. of Mot. for Reconsideration at 5-6; *see also Johnston the Florist, Inc. v. TEDCO Const. Corp.*, 657 A.2d 511, 517 (Pa. Super. 1995) (a promise to answer for the debt of another need not be in writing "where the 'main purpose' or the 'leading object' of the promisor ... is to serve its own pecuniary or business purpose.") (citation omitted).  However, even if the allegation of a surety or guarantee agreement were supported by an affidavit or deposition testimony, RMF has cited no *evidence* that PSC's "main purpose" was to serve its own pecuniary or business purpose.  Therefore, the Court finds no reason to reverse its decision regarding the letter of credit.

## Conclusion

For the reasons hereinabove stated, RMF Industrial Contracting's Motion for Reconsideration will be denied.  An appropriate Order follows.

McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALSTOM POWER, INC.,** ) | |
| ) | |
| Plaintiff/ Counterclaim Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| **RMF INDUSTRIAL CONTRACTING, INC.,** ) | |
| ) | |
| Defendant/ Counterclaim Plaintiff. ) | |
| ) | **2:03cv627** |
| **ALSTOM POWER, INC.,** ) | **2:03cv1050** |
| ) | |
| Plaintiff, ) | Consolidated at 2:03cv627 |
| ) | |
| v. ) | |
| ) | |
| **AMERICAN INDUSTRIAL ASSURANCE COMPANY,** ) | |
| ) | |
| Defendant. ) | |

### ORDER OF COURT

AND NOW, this 5th day of June, 2006, it is hereby ORDERED, ADJUDGED and DECREED that RMF Industrial Contracting's Motion for Reconsideration (*Document No. 89*) is DENIED.

s/ Terrence F. McVerry
United States District Court Judge

cc: Brian W. Ashbaugh, Esquire
Email: bashbaugh@blumlinggusky.com

Robert J. Blumling, Esquire
Kenneth Bradley Mellor, Esquire
Email: bmellor@blumlinggusky.com

Gerald J. Stubenhofer, Esquire
Email: gstubenhofer@mcguirewoods.com

Kevin S. Batik, Esquire
Email: kbatik@mcguirewoods.com

Ronald W. Crouch, Esquire
Email: rcrouch@mcguirewoods.com

George Anthony Smith, Esquire
Thomas P. Wilson, Esquire
Email: TWilson@KilpatrickStockton.com

Chad V. Theriot, Esquire
Frank L. Bigelis, Esquire
Hayley R. Ambler, Esquire
Email: HAmbler@KilpatrickStockton.com