IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALSTOM POWER, INC., )<br>)<br>    **Plaintiff/ Counterclaim Defendant,** )<br>)<br>    v. )<br>)<br>RMF INDUSTRIAL CONTRACTING, )<br>INC., )<br>)<br>    **Defendant/ Counterclaim Plaintiff.** )<br>_____ )<br>)<br>ALSTOM POWER, INC., )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>AMERICAN INDUSTRIAL ASSURANCE )<br>COMPANY, )<br>)<br>    **Defendant.** ) | **2:03cv627**<br>**2:03cv1050**<br><br>**Consolidated at 2:03cv627** |

**MEMORANDUM OPINION AND ORDER OF COURT**

Before the Court for consideration and disposition are the following motions in limine filed by Plaintiff Alstom Power, Inc. ("Alstom"): MOTION IN LIMINE TO EXCLUDE PAROL EVIDENCE (Document No. 104), MOTION IN LIMINE TO EXCLUDE REFERENCE TO HELMES' SO-CALLED MEASURED MILE ANALYSIS (Document No. 106), MOTION IN LIMINE TO EXCLUDE USE OF TOTAL COST METHOD OF PROVING DAMAGES (Document No. 108) and MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY RELATED TO HARRINGTON REBID (Document No. 110). Defendant RMF Industrial Contracting, Inc. ("RMF") has filed responses, the issues have been fully briefed, and the matters are ripe for disposition.[1] Alstom has also filed a MOTION FOR PRETRIAL CONFERENCE (Document No. 126) and a MOTION TO STRIKE AFFIDAVIT OF PHILIP HELMES

---

[1] Three other motions in limine (Document Nos. 97, 99 and 101) have been resolved by stipulation of the parties (Document No. 119) and are now moot.

(Document No. 127), to which RMF has responded (Document Nos. 129, 130).

## Background

As set forth more fully in the Court's Memorandum Opinion dated March 2, 2006, the instant dispute arose out of the reconstruction of the Seward Power Plant, a coal-fired power plant in Indiana County, Pennsylvania. Alstom was part of a consortium that agreed to provide engineering, procurement, construction, startup, demonstration and testing for the repowering of the existing Seward Power Plant. Alstom was responsible for designing, procuring and constructing two new Circulating Fluidized Bed Boilers ("CFB Boilers") and other ancillary components. Alstom subcontracted the actual erection of the CFB Boilers, the ancillary equipment and the structural steel to other entities. On January 15, 2002, Alstom and RMF executed Purchase Order No. 73060 (the "Purchase Order" or "Agreement"), which provided that RMF would erect the two CFB Boilers and ancillary equipment for the price of $46,168,000.00. RMF was not engaged to perform the structural steel work. The Agreement is governed by Pennsylvania law.

RMF experienced difficulties in the achievement of the project "milestones," for reasons disputed by the parties. On April 7, 2003, Alstom notified RMF that it was in default of the Agreement. RMF asked whether additional money would be available to compensate RMF for its additional expenses (scope growth, an alleged force majeure event, acceleration, and the like). When Alstom was noncommittal, RMF began to demobilize from the site. By correspondence of April 30, 2003, Alstom formally terminated its Agreement with RMF. This litigation followed. A jury trial is scheduled to commence on January 8, 2007.

## Discussion

A.      Motion in Limine To Exclude Parol Evidence (#104)

Alstom properly sets forth the parol evidence rule, which is a precept of Pennsylvania

substantive law. In summary, in the absence of fraud, accident or mistake, earlier oral representations, understandings or agreements are superseded by the subsequent written contract, and parol evidence is inadmissible to vary, modify or supersede the written contract. *HCB Contractors v. Liberty Place Hotel Assoc.*, 652 A.2d 1278, 1279 (Pa. 1995). In January 2002, Alstom and RMF entered into a written contract which contained the following clause: "***This Agreement contains the entire agreement between the Parties with respect to the Facility, and merges and supercedes all prior and contemporaneous agreements, commitments, representations, writings and discussions, whether written or oral, between them.***" General Terms and Conditions § 24.14. The Court finds that the parties intended the contract to be fully integrated, and that the parol evidence rule applies.

However, as RMF correctly points out, the parol evidence rule does not prevent the admission of extrinsic evidence to explain or clarify trade usage or practices or an ambiguity, and does not bar post-contract statements that may constitute a modification of the agreement. *See generally* RMF's Brief in Opposition. Of course, the parol evidence rule does not bar the admission of documents that were incorporated into the parties' written agreement.[2]

It appears that RMF will seek to introduce a number of alleged representations of Alstom which preceded the written contract regarding the structural steel and scaffolding erection methodology which RMF contends was to have been used on the project. RMF cites *Bardwell v. Willis Co.*, 100 A.2d 102, 104 (Pa. 1953), for the proposition that the parol evidence rule would not apply where the alleged prior representations are not "specifically dealt with in the written contract." The Court does not agree that such evidence would be admissible to vary, modify or change the parties' contract. The integration clause in the Alstom-RMF contract states that the written contract contains the "entire agreement between the parties" and supersedes "all" prior representations, etc. *See 1726 Cherry Street Partnership v. Bell Atlantic Properties, Inc.*, 653

---

[2]The Court makes no finding as to whether the meeting minutes referenced in RMF's response are part of the contract.

A.2d 663, 670 (Pa. Super. 1995) (parol evidence rule bars party from seeking to add terms to agreement).  Accordingly, RMF cannot introduce evidence of such prior representations to add to, vary or modify the contract terms.  If the structural steel and scaffolding erection methodology was an important or integral part of the bargain from RMF's perspective, as now appears to be the case, it was incumbent upon RMF to ensure that the written agreement reflected that understanding.

RMF also seeks to introduce evidence that Alstom had a duty to disclose its alleged superior knowledge.  Such evidence is not admissible.  This appears to have been an arms-length negotiation between two sophisticated entities in the construction industry.  Under Pennsylvania law, even evidence that the contract was fraudulently induced would be barred by the parol evidence rule.  *HCB,* 652 A.2d at 1279; *Bardwell,* 100 A.2d at 102.  RMF's theory that "Alstom simply - and intentionally - did not tell RMF the whole story" is a variation of fraudulent inducement, a theory that has not been pled nor may be proven.  Once the parties executed a fully integrated agreement acknowledged in writing, the parol evidence rule bars such references to prior oral representations and/or omissions.  Accordingly, the Motion in Limine To Exclude Parol Evidence will be granted.

B. Motion in Limine Regarding Measured Mile Analysis

Alstom seeks to exclude references by RMF's expert, Philip Helmes, to a "measured mile" analysis. In summary, a "measured mile" analysis is a method of calculating losses related to productivity by comparing the construction progress during a "problem" period on the job with such progress during a similar unimpacted time period.  Although a "measured mile" analysis is an acceptable damages methodology, Alstom seeks to exclude such references in this case because: (1) there was insufficient data to perform a valid comparison; and (2) the "measured mile" analysis was not used to determine lost productivity, but instead, to validate a "rebid" of the Project which was performed by another of RMF's experts, William Harrington.

Expert testimony is admissible if it is based on sufficient facts or data, is the product of reliable principles and methods, and the witness has applied those principles and methods reliably to the facts of the case. Fed. R. Evid. 702. Alstom has not challenged Helmes' qualifications to render an opinion on RMF's damages. In attempting to determine lost productivity, Helmes concluded that RMF's original bid was not an appropriate starting point. Helmes Deposition at 265. Therefore, RMF engaged Harrington to perform a "rebid" of the Project, which Helmes then used as a basis for his calculation of RMF's damages. Helmes employed the "measured mile" analysis, but only for the limited purpose of validating the reasonableness of Harrington's rebid. *See, e.g.,* Helmes Deposition at 327, 578. Helmes' actual calculation of RMF's damages was based on a modified total cost approach, which Alstom has not challenged.

It is apparent that Helmes utilized a reasonable methodology and actual job data in attempting to validate the Harrington rebid. *See Genty v. Resolution Trust Corp.*, 937 F.2d 899, 917 n.11 (3d Cir. 1991) (emphasizing liberal admission of expert testimony even where methodology may be unique). Accordingly, the Motion in Limine to Exclude References to Helmes' Measured Mile Analysis will be denied. Alstom will have ample opportunity to demonstrate its contentions regarding the limitations, weaknesses and errors in Helmes' conclusions through cross-examination at trial.

C. <u>Motion in Limine Regarding Total Cost Method</u>

Alstom seeks to exclude references to the "total cost method" for proving damages relating to RMF's total scaffolding costs. Essentially, the total cost method is a simple formula: Actual Costs - Original Bid = Damages. Courts have understandably been reluctant to encourage use of such a simplistic formula, except as a last resort, because the methodology presumes that the Original Bid was accurate and that all additional Actual Costs are the fault of the opposing party. On the other hand, a party is not required to prove its damages with mathematical

precision. *Delahanty v. First Pa. Bank, N.A.*, 464 A.2d 1243 (Pa. Super. 1983). A party must present sufficient evidence for the fact-finder to make an intelligent estimation, without conjecture, of the amount to be awarded. *Id.*

Alstom contends that more reliable methodologies are available, and that the conditions precedent to use of the total cost methodology have not been met. RMF responds that it did not actually employ the "total cost method" because the damages related to scaffolding were caused by a change of contract scope rather than lost productivity. RMF further contends that, in any event, the total cost method was appropriate to determine its increased scaffolding costs.

As noted above, the alleged pre-contract representations made by Alstom regarding structural steel and scaffolding erection methodology appear to constitute inadmissible parol evidence. With that proviso, it is apparent that Helmes has used a reasonable methodology for calculating the difference between the scaffolding as-bid and as-built. In Helmes' opinion, there was insufficient evidence to determine the loss under other damages calculation methods because RMF did not maintain construction time and production logs, the original bid and actual costs were reasonable, and all of the increase in costs is allegedly attributable to Alstom. *See E.C. Ernst, Inc. v. Koppers Co.*, 626 F.2d 324 (3d Cir. 1980) (concluding that district court erred by excluding total cost methodology).

Accordingly, the Motion in Limine Regarding Total Cost Method will be denied. Alstom will have ample opportunity to demonstrate its alleged limitations, weaknesses and errors in Helmes' conclusions through cross-examination at trial.


D. Motion in Limine Regarding the Harrington Rebid

Alstom challenges Harrington's qualifications and his methodology. The Court has little difficulty in concluding that Harrington is qualified to render opinion testimony. Federal Rule of Evidence 702 permits the introduction of any scientific, technical or other specialized knowledge that will assist the factfinder in understanding the evidence or determining a fact in issue. A

witness may be qualified as an expert by knowledge, skill, experience, training or education. *Id.* As Harrington testified in his deposition, as the Chief Executive Officer of Foster Wheeler Zack he has supervised the creation of numerous similar bids. Moreover, Harrington has over thirty years of experience in the industry. It is not necessary for Harrington to have recently personally performed the lower-level clerical steps underlying the bid.

As to Harrington's methodology, Alstom contends that the rebid should be excluded because Harrington essentially came up with numbers out of his head and therefore the methodology is not "repeatable." Alstom points to several instances in Harrington's deposition in which he was asked to recreate the values he used for certain tasks or units of work, but was unable to do so. *See, e.g.,* Harrington Deposition at 195. In particular, Alstom criticizes Harrington's failure to consult and/or reference industry standards such as Page and Nations for determining work rates.

The Court is somewhat troubled by the lack of work papers which would reflect the steps Harrington followed to arrive at his rebid numbers. Such work papers would enable the Court, the opposing party and the factfinder to better analyze the methodology which Harrington utilized and the result he reached. However, RMF represents that bidding is as much art as science and that Harrington followed a method commonly used in the field and in non-litigation settings. Moreover, RMF contends that there are no specific industry standards governing boilermaker work, which was the majority of the work on the instant project. The rebid was utilized only when RMF recognized the inadequacy of its actual bid, and Helmes performed some validation on the rebid. The Court is loathe to deprive RMF of the opportunity to present expert testimony in support of its alleged damages. The issue goes more to the weight to be accorded such testimony rather than its admissibility.

Accordingly, the Motion in Limine Regarding the Harrington Rebid will be denied. Alstom again will have ample opportunity to demonstrate the alleged limitations, weaknesses and errors in Harrington's qualifications and opinions through cross-examination at trial.

E.    <u>Motion to Strike Helmes Affidavit</u>

Alstom seeks to strike an affidavit submitted by Philip Helmes on behalf of RMF in response to its motions in limine. The motion to strike will be denied. Alstom complains that Helmes' affidavit is not based on personal knowledge. However, Fed. R. Evid. 703 permits experts to rely on facts or data made known and reasonably relied upon by experts in the particular field.

F.    <u>Motion for Pretrial Conference</u>

Alstom's motion for a pretrial conference is more in the nature of a reply brief. RMF does not object to such a conference. Given the complexity of this case, the expected length of trial and the impact of the Court's rulings on the motions in limine, a pretrial conference is hereby scheduled on Wednesday, January 3, 2007 at 1:30 PM in Courtroom 6C. At that time, RMF shall be prepared to make a specific proffer regarding any pre-contract extrinsic evidence it contends should be admissible at trial. The parties shall also be prepared to advise the Court on the status of any settlement discussions or negotiations.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALSTOM POWER, INC., | ) |
| | ) |
|     Plaintiff/ Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| RMF INDUSTRIAL CONTRACTING, INC., | ) |
| | ) |
|     Defendant/ Counterclaim Plaintiff. | ) |
| | ) |
| | )   2:03cv627 |
| ALSTOM POWER, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN INDUSTRIAL ASSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## ORDER OF COURT

AND NOW, this 29th day of December, 2006, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff Alstom Power, Inc.'s MOTION IN LIMINE TO EXCLUDE PAROL EVIDENCE (Document No. 104) is **GRANTED**; the MOTION IN LIMINE TO EXCLUDE REFERENCE TO HELMES' SO-CALLED MEASURED MILE ANALYSIS (Document No. 106) is **DENIED**; the MOTION IN LIMINE TO EXCLUDE USE OF TOTAL COST METHOD OF PROVING DAMAGES (Document No. 108) is **DENIED**; and the MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY RELATED TO HARRINGTON REBID (Document No. 110) is **DENIED**.  The MOTIONS IN LIMINE at Document Nos. 97, 99 and 101 are **DENIED AS MOOT**.  The MOTION TO STRIKE AFFIDAVIT OF PHILIP HELMES (Document No. 127) IS **DENIED**.  The MOTION FOR PRETRIAL CONFERENCE (Document No. 126) is **GRANTED** and is scheduled on January 3, 2007 at 1:30 PM.

                                              s/ Terrence F. McVerry
                                              United States District Court Judge

cc: Brian W. Ashbaugh, Esquire
Email: bashbaugh@blumlinggusky.com

Robert J. Blumling, Esquire
Kenneth Bradley Mellor, Esquire
Email: bmellor@blumlinggusky.com

Gerald J. Stubenhofer, Esquire
Email: gstubenhofer@mcguirewoods.com

Kevin S. Batik, Esquire
Email: kbatik@mcguirewoods.com

Ronald W. Crouch, Esquire
Email: rcrouch@mcguirewoods.com

George Anthony Smith, Esquire
Thomas P. Wilson, Esquire
Email: TWilson@KilpatrickStockton.com

Chad V. Theriot, Esquire
Frank L. Bigelis, Esquire
Hayley R. Ambler, Esquire
Email: HAmbler@KilpatrickStockton.com